Houston & Texas Central Railroad Company v. W. J. Copley.

Decided March 29, 1905.

**1.—Passenger—Carrier—Boarding Train—Negligence.**

Evidence considered and held to support a recovery of damages for injury to a passenger. by moving train while he was boarding it.

**2.—Same—Degree of Care—Charge.**

Charge requiring of the conductor the care which would be exercised by "very careful prudent persons" in affording a passenger opportunity to board train safely held a proper statement of the law and not unduly emphasized by repetition, nor contradictory or confusing.

**3.—Charge—Assuming Fact.**

The submission to the jury of the question whether the train was stopped long enough for the passenger "in his physical condition, as known to the conductor" to board same with reasonable care, does not assume that his condition was so known.

Appeal from the District Court of Navarro County. Tried below before Hon. L. B. Cobb.

*Baker, Botts, Parker & Garwood, Frost & Neblett* and *Lewis T. Carpenter,* for appellant.—The court erred in failing of its own motion to set aside the verdict of the jury, because the same is contrary to the evidence, in that the preponderance of the evidence shows that W. J. Copley did not fall and injure himself while getting on the train; and because the verdict is not supported by the evidence in that there is no evidence which shows that he received the injury complained of which incapacitated him from labor, it having been proved by the evidence that he was incapacitated on account of disease, and that medical and drug bills were incurred in the treatment of the disease, and that the disease was the cause of the pain of which he complained; and because the verdict is excessive in amount, since the evidence shows that his disability to earn money was the result of his disease, as was the physical and mental pain suffered by him and the expenditure for medicine and medical treatment.

It was error for the court to define the character of the duty required of the defendant, as was done by the charges, because they are each a repetition of the other, and because of the undue prominence given to the character of the duty required of the defendant, and are of such a nature that the jury would be misled thereby, and have a tendency to direct the minds of the jury to this particular part of the charge, and gives the same undue prominence, for which error this case should be reversed. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 73; Heldt v. Webster, 60 Texas, 207; Medlin v. Wilkins, 60 Texas, 409; Frisby v. Withers, 61 Texas, 134; Traylor v. Townsend, 61 Texas, 144; Lee v. Yandell, 69 Texas, 34; Ratto v. Bluestein, 84 Texas, 59; Miller v. Sullivan, 14 Texas Civ. App., 131, 33 S. W. Rep., 695; Soye v. McCallister, 18 Texas, 97; Powell v. Messer, 18 Texas, 405; Gray v. Burke, 19 Texas, 232; Hays v. Hays, 66 Texas, 609; Gulf, C. & S. F. Ry. Co. v. Hudson, 77 Texas, 497; Oliver v. Chapman, 15 Texas, 409; Fort v. Barnett, 23

Texas, 460; Vaughan v. Warnell, 28 Texas, 120; Floyd v. Rice, 28 Texas, 344; Texas & P. Ry. Co. v. Overheiser, 76 Texas, 439; Joske v. Irvine, 91 Texas, 576; Texas Loan Agency v. Fleming, 92 Texas, 458; St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131.

It was error of the court to give the third and fourth paragraph of his charge complained of, because they are inconsistent and contradictory, and furnish the jury no guide by which the weight of the testimony may be determined, by means of which a proper verdict could be reached. Paragraph 3 requires the care of very careful, prudent persons, to stop the train long enough, etc. Paragraph 4 requires "the care commonly used by very careful and prudent persons in similar circumstances." Paragraph 6, in defining the care required of the defendant, requires the care commonly used by very careful and prudent persons in like circumstances, and that such lack was the proximate cause of his injury. San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 284; Belt v. Raguet, 27 Texas, 481.

The charge of the court referred to was erroneous, and constitutes reversible error, because it is on the weight of the evidence in this: it takes from the jury the issue, which is necessary to a proper verdict in this case, as to whether or not the conductor knew of the physical condition of W. J. Copley at the time he endeavored to mount the train. This issue was made by the pleading and evidence thereon, and was introduced both by the plaintiff and the defendant. Galveston, H. & S. A. Ry. Co. v. Davidson, 61 Texas, 205; Sturdivant v. Fort Worth & D. C. Ry. Co., 27 S. W. Rep., 171; Hoeflin v. Dobbin, 91 Texas, 214, 42 S. W. Rep., 541; Smithwick v. Andrews, 24 Texas, 488; Western U. Tel. Co. v. Andrews, 78 Texas, 305.

*Callicut & Call, H. B. Daviss* and *H. Burleson,* for appellees.—It was a controverted issue as to whether W. J. Copley fell, and was thereby injured, in boarding appellant's train, and the jury settled that issue by their verdict, and there is ample evidence to support the verdict.

The verdict is not excessive, it being for only $800; while the deceased, W. J. Copley, had what the physicians term latent consumption, and had it at the time of the injury, yet the injuries he received at the hands of the appellant, and from the extreme carelessness of its employes, aggravated his disease, causing him great pain and suffering both in mind and body.

We submit that the charge of the court defining the character of the duty required by the appellant is correct, and that no undue prominence is given to that character of duty, and the jury were not, and could not have been, misled thereby.

The third, fourth and sixth paragraphs of the court's charge are correct statements of the law governing the facts of this case, and said paragraphs are entirely consistent, and furnish a correct rule by which the jury should be guided.

The charge of the court complained of is not upon the weight of the testimony, and in no sense tells the jury that the feeble condition of Mr. Copley was known to the conductor, but leaves that issue to be found by the jury. Texas & P. Ry. Co. v. Lee, 21 Texas Civ. App., 175, 51 S. W. Rep., 351; Gulf, C. & S. F. Ry. Co. v. Powers, 4 Texas Civ. App., 230,

23 S. W. Rep., 325; Central T. & N. W. Ry. Co. v. Holloway, 54 S. W. Rep., 419; St. Louis S. W. R. R. Co. v. Campbell, 30 Texas Civ. App., 35; 69 S. W. Rep., 451; Levy v. Campbell, 19 S. W. Rep., 438; Atchison, T. & S. F. R. R. Co. v. Frier, 22 S. W. Rep., 6; Fort Worth & D. C. R. R. Co. v. Kennedy, 12 Texas Civ. App., 656, 35 S. W. Rep., 335.

EIDSON, ASSOCIATE JUSTICE.—The statement of the case contained in appellant's brief is concurred in by appellee, and is as follows:

"This suit was filed on January 30, 1903, by W. J. Copley, and was finally tried on the third amended petition of plaintiffs, which was filed on the 24th day of December, 1903. The petition upon which plaintiffs went to trial was filed by the heirs of W. J. Copley, consisting of Mrs. Anna Copley and the minor children of herself and W. J. Copley, deceased.

"The allegations of plaintiff's petition were, in substance, that W. J. Copley was the husband of Mrs. Anna Copley and the father of said minor children. That on or about the 28th day of October, 1902, in order to benefit his health, which was then in a serious condition, W. J. Copley went to Currie, a flag station on line of appellant's road, in order to board the northbound passenger train to go to Arkansas. That when said train arrived it was flagged, and that, in order to board the same, the said Copley was compelled to go to the rear end of the train, owing to the fact that the front end of the coach had crossed over a cattle-guard, and left the rear end the most accessible place for passengers to get on the train. Currie at that time had no platform, and persons who desired to board the trains of appellant would do so from the ground, with such assistance as the trainmen and others could afford them, when assistance was required.

"Plaintiff alleges that the conductor of the said northbound passenger train, and other duly authorized agents and employes of defendant, were duly notified and had full knowledge that said Copley desired to board said passenger train. That said Copley was instructed by the conductor and the other agents and employes of said defendant company, to get on said passenger train at the rear end of the rear coach thereof. That the said Copley was sick, and in a very feeble condition physically, all of which was known to the conductor of said train and the agents and employes of said train, and the said conductor and the agents and employes of the defendant at the time ordered that said W. J. Copley be placed and get in upon the platform on the rear end of the rear coach, as aforesaid. That when said passenger train had stopped, and was standing still at said station, and when said W. J. Copley was being aided by other persons to board said train, and the step to the same was very high from the ground at this point, so that plaintiff could not get aboard said car without assistance, which assistance was not given by defendant's agents in charge of the train, and the plaintiff was injured in attempting to board the train.

"That said defendant possessed a regular place to board said train, and the train did not stop sufficient length of time to allow plaintiff to safely board said train; that when he had gotten upon the bottom step of said coach and was proceeding with all due care and caution to get upon the platform of said coach, said train agents, servants and em-

ployes in control of defendant's train, with full knowledge of the fact that Copley was then and there boarding the train, as he had been instructed to do, and knowing his physical condition at the time, without any notice to said W. J. Copley, caused said train to be started and suddenly jerked forward without giving the said Copley a reasonable length of time to get on said train safely, as should have been done; that said train and passenger coach was jerked forward and backwards suddenly and carelessly, and without warning to said W. J. Copley, and he was injured, both by the jerking forward of the car and stopping of the car.

"Plaintiffs allege substantially that by reason of this fact the said Copley was injured in his entire left side, shoulders, breast and arms, and that it was negligence of the defendant. That his injuries produced great mental and physical pain, which he continued to suffer from then until the time of his death. That the death of the said W. J. Copley occurred in Navarro County on August 30, 1903, from consumption.

"Plaintiffs allege in the alternative, with reference to the death of said W. J. Copley, that his death was caused by the injuries which he received in boarding the train of appellant at the time alleged. The trial court required plaintiffs to elect between the counts in their petition upon which they would seek to recover, and the case was tried on the petition alleging that Copley's death was caused by consumption.

"Defendant, in its answer, pleaded the general issue, general and special exceptions, and that W. J. Copley, if injured, as alleged, was guilty of contributory negligence, in that he undertook to board the train in his physical condition, and that, by reason of his negligence, his injury occurred. And further, that he negligently and carelessly got upon the train at an improper time, and that he failed to make his condition known to the trainmen or to ask them for any assistance, and that, while in this condition, being weak and feeble, he was burdened with a large valise or grip, which hindered and impeded his efforts and progress in getting upon the train.

"The trial was had on the 27th of May, 1904, and a verdict was returned in favor of the plaintiffs in the sum of $800."

In our opinion, there is sufficient testimony in the record to support the verdict of the jury, and we therefore overrule appellant's first assignment of error.

Appellant's second assignment of error is as follows:

"The court erred in the third paragraph of its general charge to the jury, which is to the effect that it was the duty of the conductor of the train to use the care of very careful, prudent persons, to have stopped the train long enough for W. J. Copley to get on the train, provided Copley himself was reasonably diligent and careful in going aboard the train.

"The court erred in the fourth paragraph of the general charge to the jury, which is to the effect that it was the duty of the conductor to exercise the degree of care commonly used by very careful and prudent persons, in similar circumstances, to afford said Copley an opportunity to safely mount the car, provided he himself was reasonably diligent in

using ordinary care in going upon the train; for that the same is a repetition of the third paragraph, and places undue emphasis upon the duty of the conductor as stated in the charge.

"The court erred in the sixth paragraph of its general charge to the jury, which is to the effect that, if the jury believed from the evidence that the train was not stopped long enough for Copley, in his physical condition, as known to the conductor, to mount the train in the use of reasonable diligence and ordinary care, and that while Copley was going up the steps the train was suddenly moved, and that by such motion of the train he was thrown against the platform railing and thereby received bodily injury; that in so moving the train the conductor was lacking in the care commonly used by very careful and prudent persons in like circumstances, and that such act was the proximate cause of his injury, without the want of ordinary care on his part, and that such injury was not the cause of his death, the jury was instructed to find for the plaintiffs."

By its first proposition under this assignment appellant contends that, in the paragraphs of the court's charge quoted above, there is such a repetition of the definition of the character of duty required of the defendant as to give undue prominence to the character of duty required of the defendant under the circumstances of this case, and thereby mislead the jury. We do not think these paragraphs of the charge of the court are subject to the criticism of the appellant. They, in our opinion, properly defined the duty of the conductor, in view of the pleadings and evidence, and correctly applied the law to the particular facts adduced in evidence, and do not improperly or unnecessarily repeat the definition of the character of duty required of the conductor, nor give undue prominence to the character of duty required of the conductor.

These paragraphs of the court's charge are not inconsistent with each other, as contended by appellant in its second proposition under this assignment, but are entirely consistent with each other, and constitute a correct enunciation of the law as applicable to the facts proven in the case, and to which they were intended to apply.

Appellant's third proposition under this assignment contends that the language, "in his physical condition as known to the conductor," contained in the sixth paragraph of the court's charge quoted above, is on the weight of the evidence, in that it takes away from the jury the issue as to whether or not the conductor knew of the physical condition of W. J. Copley at the time he endeavored to mount the train. We do not agree with this contention of appellant. While the language quoted is, perhaps, a little inapt, the meaning and intention of the court to submit to the determination of the jury the issue as to whether or not the conductor knew of the physical condition of the said Copley at the time he endeavored to mount the train, is clear, when the preceding part of the charge is read in connection with the language quoted.

We find that there is sufficient evidence in the record to support the finding of the jury that appellant was negligent, as alleged in appellee's petition, and also to support the finding of the jury that W. J. Copley was injured as alleged in his petition, and also to support their finding that the said Copley was not guilty of contributory negligence, as al-

leged in appellant's answer. And we also find that the verdict of the jury as to the amount is supported by the evidence, and is not excessive.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.